# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JIMMIE ANN HARP, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-748 |
| COOKE COUNTY, TEXAS, | § § § | |
| Defendant. | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 28, 2018, the report of the Magistrate Judge (the "Report") (Dkt. #31) was entered, containing proposed findings of fact and recommendations that Defendant Cooke County, Texas' ("Defendant") Motion for Summary Judgment (Dkt. #24) be denied. *See* Dkt. #31.

Defendant filed objections to the Report (the "Objections") (Dkt. #35). The Court has made a *de novo* review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In this case, the Magistrate Judge found that there was sufficient evidence in the record to create a fact issue as to whether Defendant discriminated against Plaintiff Jimmie Ann Harp ("Plaintiff") on the basis of gender when Defendant terminated Plaintiff's employment.

Gender-discrimination claims follow a burden shifting rubric, as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). The plaintiff must first demonstrate a *prima facie* case of discrimination, which raises a presumption of discrimination by the defendant. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). A *prima facie* case of discrimination requires: (1) proving the plaintiff is a member of a protected group; (2) she was qualified for the position; (3) an adverse employment action occurred; and (4) she was treated less favorably because of her membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Wesley v. General Drivers, Warehousemen and Helpers Local*, 660 F.3d 211, 213 (5th Cir. 2011). The employer then bears the burden to produce a legitimate non-discriminatory reason for termination. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Once the defendant produces evidence of a legitimate, nondiscriminatory reason for the adverse employment action, the burden shifts back to the plaintiff to show the

defendant's reasons were pretextual or her gender was another motivating factor for the adverse employment action. *Machinchick*, 398 F.3d at 350; *Rachid*, 376 F.3d at 312.

In the Objections, Defendant argues that summary judgment should have been granted in its favor because "Plaintiff did not come forward with proper comparators and thus there is no proper evidence to establish pretext[.]" *See* Dkt. #35 at 2. This argument attacks the fourth element of Plaintiff's *prima facie* case, whether she was treated differently than her similarly situated peers. However, the fourth prong may be satisfied *either* by showing that Plaintiff was treated differently than her non-protected class peers who were similarly situated *or* by establishing that Plaintiff was replaced by someone outside his or her protected group. *See Machinchick*, 398 F.3d at 350; *Okoye v. Univ. of Tex. Houston Health Science Center*, 245 F.3d 507, 512 (5th Cir. 2001). It is undisputed that Plaintiff was replaced by a male. *See* Dkt. # 24-3 at 46. As such, the Magistrate Judge properly concluded that Plaintiff met her burden to establish a *prima facie* case.

Defendant also argues summary judgment should have been granted because it raised the "same actor inference," in which Plaintiff's supervisor was the "same actor" who both hired and fired Plaintiff. *See* Dkt. #35 at 3. "The same actor inference creates a presumption that animus was not present where the same actor responsible for the adverse employment action either hired or promoted the employee at issue." *Spears v. Patterson UTI Drilling Co.*, 337 F. App'x 416, 421–22 (5th Cir. 2009). The same actor inference is rebuttable, and functions similarly to a legitimate nondiscriminatory reason for an adverse employment action in the *McDonnell Douglas* rubric. *See id.* (citing *Haun v. Ideal Indus., Inc.*, 81 F.3d 541, 546 (5th Cir. 1996)); *Gilbert v. Big Brothers Big Sisters of Am., Inc.*, 262 F. Supp. 3d 402, 410 (N.D. Tex. June 16, 2017); *Jones v. R.G. Barry Corp.*, 2017 WL 1049566, at *9

(W.D. Tex. Mar. 17, 2017). Where a plaintiff provides evidence which rebuts this inference, summary judgment is inappropriate. *Jones*, 2017 WL 1049566, at *9. A plaintiff, in the context of a summary judgment proceeding, may rebut the same actor inference by raising a genuine issue of material fact regarding pretext. *See Caldwell v. KHOU-TV*, 850 F.3d 237, 242 (5th Cir. 2007).

Plaintiff relies on the inconsistent explanations for the employment decision as evidence of pretext. *See* Dkt. #26 at 9–10. Defendant objects to this reason for pretext, arguing the Report "found requirements for an at will employment decision to be specifically stated or documented such as with a discipline matter." Not so. The Report noted Fifth Circuit precedent, in which "[a]n employer's inconsistent explanations for an employment decision 'cast doubt' on the truthfulness of those explanations." *See Caldwell*, 850, F.3d at 242; *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 238 (5th Cir. 2015); *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 412 n.11 (5th Cir. 2007) (citing *Gee v. Principi*, 289 F.3d 342, 347–48 (5th Cir. 2002)). Neither Fifth Circuit precedent, nor the Report, requires employers to create documentation regarding each at will termination. To the contrary, the presumption is only raised when explanations for terminations shift over time.

Defendant's Objections describe in great detail the alleged reasons for Plaintiff's termination. *See* Dkt. #35 at 4–6 ("Some might argue . . . she should have been discharged sooner. . . ."). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant. The evidence of the nonmovant, however, is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. The reasons for discharge are reviewed only to determine whether

4

the plaintiff raised a genuine issue of material fact sufficient to survive summary judgment. While the reasons for termination proffered by an employer do not need to be of a type the judge or jury would act on, *see Linehan v. Univ. of Tex. at Tyler*, 2017 WL 8810745, at *4 (E.D. Tex. Oct. 16, 2017), when the proffered reasons are inconsistent, the plaintiff can raise a genuine issue of material fact. In reviewing the record, the reasons given for termination were not wholly consistent between deposition transcripts, interrogatories, or leaders at the Cooke County Police Department. *Compare* Dkt. #24-3 at 48, 54; Dkt. #25-1 at 4; Dkt. #27-3 at 5, 7, 14; Dkt. #27-2 at 26. Thus, Plaintiff raised a genuine issue of material fact regarding pretext in the reasons for her termination. Accordingly, the Court finds no error.

Defendant further "requests that the Court consider the objections to Plaintiff's affidavit." *See* Dkt. #35 at 5. The Report found Defendant's Objections (Dkt. #28 at 6) to Plaintiff's affidavit (Dkt. #26-2) lacked the particularity necessary for objections. *See* Dkt. #31 at 5. Upon review of the Objections (Dkt. #28 at 6) and Plaintiff's affidavit (Dkt. #26-2 at 2), the Court finds no clear error. In reviewing the Objections, it is unclear if Defendant objects to the affidavit in its entirety or particular statements within the affidavit. *Compare* Dkt. #28 at ¶¶ 7, 8. Defendant's Objections confusingly alternate between quoting and summarizing statements allegedly made in Plaintiff's affidavit. *See* Dkt. #28. Accordingly, the Court finds no error in the Magistrate Judge's determination that Defendant failed to object with particularity.

Based on the foregoing, the Court finds no error in the Magistrate Judge's conclusion that Defendant did not meet its summary judgment burden. Therefore, Defendant's Objections are **OVERRULED**. Defendant's Motion for Summary Judgment (Dkt. #24) is **DENIED**. This case shall proceed to trial.

**IT IS SO ORDERED**.

**SIGNED this 18th day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE